UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SUSAN SLICKMAN
4070 Norway Pine Court
Richfield, Wisconsin 53076

    Plaintiff,

v.

HELIX LEISURE USA, INC.
2015 McKenzie Drive, Suite 106
Carrollton, Texas 75006

    Defendant

Case No.: 21-cv-1449

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Susan Slickman, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Susan Slickman, is an adult female resident of the State of Wisconsin with a post office address of 4070 Norway Pine Court, Richfield, Wisconsin 53076.

5. Defendant, Helix Leisure USA, Inc., was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal or corporate office address of 2015 McKenzie Drive, Suite 106, Carrollton, Texas 75006.

6. Among other things, Defendant sells cashless amusement items and business management systems for the entertainment and leisure industries.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

13. During Plaintiff's employment with Defendant, Defendant had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff and Defendant's other employees.

14. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

15. During Plaintiff's employment with Defendant, Defendant established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendant, on behalf of Defendant, and/or at Defendant's direction.

16. During Plaintiff's employment with Defendant, Defendant controlled the terms and conditions of Plaintiff's employment.

17. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

18. During Plaintiff's employment with Defendant and in furtherance of her job duties and responsibilities, Plaintiff regularly engaged in interstate communications and/or correspondence with Defendant's customers, prospective customers, and vendors.

## **FLSA & WWPCL ALLEGATIONS**

19. In approximately January 2020, Defendant hired Plaintiff into the position of Sales Executive.

20. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff primarily performed compensable work in the position of Sales Executive on

Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit out of her home office in Richfield, Wisconsin.

21. In approximately November 2021, Defendant terminated Plaintiff's employment.

22. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendant compensated Plaintiff on a salaried basis and classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, in reality during the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff primarily performed non-exempt job duties and responsibilities each work day and each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in Plaintiff's position of Sales Executive.

23. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

24. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's position of Sales Executive was, in practical effect during her employment with Defendant, an inside sales position.

25. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff's primary job duty and responsibility each work day and each workweek was selling cashless arcade systems to Defendant's customers and prospective customers from her home office in Richfield, Wisconsin.

26. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff spent the majority of her hours worked and work performed each work day and each workweek selling cashless arcade systems

to Defendant's customers and prospective customers from her home office in Richfield, Wisconsin.

27. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff frequently worked in excess of forty (40) hours per workweek.

28. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Defendant did not compensate Plaintiff with overtime pay during workweeks when she worked in excess of forty (40) hours.

29. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Defendant compensated Plaintiff on a bi-weekly basis via check.

30. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

31. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff's primary job duty was not the management of Defendant's enterprise, general business operation, or a department or division of Defendant.

32. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff performed her job duties and responsibilities at the direction of Defendant: Plaintiff was given specific instructions as to how to perform her job duties and/or she performed her job duties within the prescribed procedures, processes, and/or limits established by Defendant.

33. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of her job duties.

34. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff did not, in the performance of her job duties, customarily or regularly compare or evaluate possible courses of conduct and did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

35. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff did not, in the performance of her job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies, processes, and/or procedures without Defendant's prior approval.

36. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

37. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff's job duties did not require her to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

38. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and in Plaintiff's position of Sales Executive, Plaintiff was not highly compensated employee for FLSA and WWPCL purposes.

39. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

40. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

41. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL.

42. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

43. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**

44. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

45. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

46. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq.*

47. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

48. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

49. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

52. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

53. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

54. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

56. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

57. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

58. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

59. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

60. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

61. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

62. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

63. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 21st day of December, 2021

                                                    WALCHESKE & LUZI, LLC
                                                    Counsel for Plaintiff

                                                    s/ ***Scott S. Luzi***
                                                    James A. Walcheske, State Bar No. 1065635
                                                    Scott S. Luzi, State Bar No. 1067405
                                                    David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com